963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelvin WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16307.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1992.*
Decided May 14, 1992.
 
 Before CHOY, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Williams appeals pro se the district court's denial of his motion for reconsideration under 28 U.S.C. § 2255. We affirm.
 
 
 3
 * After Williams's conviction on count one of conspiracy to manufacture phencyclidine, on count two of manufacturing phencyclidine, and on count three of possessing PCC with the intent to manufacture phencyclidine, he was sentenced July 18, 1988 to twelve years on counts two and three, to run concurrently, and to a term of supervised release. Imposition of sentence on count one was suspended and Williams was placed on probation for five years, to commence upon release from custody. On December 17, 1990, the district court modified Williams's sentence by deleting the term of supervised release. The United States Attorney then advised the court that supervised release was mandatory on the offenses of conviction. The court corrected the sentence on June 20, 1991 by reinstating the term of supervised release.
 
 II
 
 4
 Williams argues that the district court's memorandum decision and order of June 20, 1991 conflicts with the corrected sentence imposed on the same date because the memorandum states that the court will impose concurrent sentences as to counts one, two, and three, whereas the judgment makes probation on the suspended sentence for count one consecutive to the sentences for counts two and three. Even though the judgment does not track the memorandum, it is the judgment that counts and it is neither unclear nor illegal.
 
 
 5
 It is well settled that consecutive sentences may be imposed for convictions for conspiracy and the underlying substantive offense. See United States v. Wylie, 625 F.2d 1371, 1379 (9th Cir.1980), cert. denied, 449 U.S. 1080 (1981); Iannelli v. United States, 420 U.S. 770, 777-78 (1975). Thus, the consecutive sentence on the conspiracy count, which the district court used to impose probation, is a legal sentence.
 
 III
 
 6
 Williams argues that he is not subject to Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991), which held that supervised release applies to certain drug offenses[1] committed in the period between October 27, 1986 and November 1, 1987, because Gozlon-Peretz applies only to crimes under § 841(b)(1)(A), and not to the § 841(a)(1) crimes for which he was convicted. This argument misapprehends the relationship between § 841(b)(1)(A) and § 841(a)(1). Subsection (b) is a penalties section which applies to anyone who violates subsection (a) of § 841. Thus, § 841(b)(1)(A) is applicable to the § 841(a)(1) crimes which Williams committed.
 
 IV
 
 7
 Williams argues that the district court erred in holding that he was not eligible for parole because its June 20, 1991 order correcting sentence imposed sentence on counts two and three pursuant to 18 U.S.C. § 4205(a). Whether accurate or not, this reference to § 4205(a) does not make Williams eligible for parole. By its terms, § 4205(a) provides for parole "except to the extent otherwise provided by law," and § 4205(h) specifies that no prisoner shall be eligible for release on parole under § 4205 if he "is ineligible for such release under any other provision of law." 18 U.S.C. § 4205(h). 21 U.S.C. § 841(b), in turn, requires that a person who violates subsection (a) be sentenced as it prescribes. Section 841(b)(1)(A), which is the applicable provision in Williams's case, provides:
 
 
 8
 Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph. No person sentenced under this subparagraph shall be eligible for parole during the term of imprisonment imposed therein.
 
 
 9
 Accordingly, the district court did not err in ruling that Williams was ineligible for parole.
 
 
 10
 Williams raises other issues for the first time in his reply brief, which we decline to consider. See Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 111 S.Ct. 1105 (1991).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 See § 1002 of the Anti-Drug Abuse Act of 1986, codified at 21 U.S.C. § 841(b)(1)(A)